UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PAYCOR, INC.,<br>4811 Montgomery Road<br>Cincinnati, Ohio 45212,<br><br>     Plaintiff<br>v.<br><br>LEBLANC RESORT & SPA<br>Carretera Transpeninsular Km. 18.4<br>Lomas Del Tule<br>San Jose Del Cabo, Mexico 23400<br><br>INTERNATIONAL HOTEL COMPANY LLC<br>8400 NW 33 Street<br>Suite 403<br>Doral, Florida 33122<br><br>OPERADORA PALACE RESORTS (JA) LIMITED<br>53 Knutsford Blvd<br>Kingston 5 Saint Andrew Jamaica<br>TRN: 002085003 Tegaye. Dobson-Moddie<br><br>CHDB HOLDING S.A. DE C.V.<br>Carretera Cancún Puerto Morelos km 21<br>Manzana 01, Lote 1– 11, Edificio A,<br>Supermanzana 47,<br>Municipio Benito Juárez, Cancún,<br>Quintana Roo, C.P. 77506<br><br>Defendants. | No.<br><br>Judge<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff Paycor, Inc. ("Paycor") for its Complaint against Defendants Leblanc Resort & Spa, International Hotel Company LLC, Operadora Palace Resorts (JA) Limited, and CHDB Holding S.A de C.V. (collectively "Defendants" or "Leblanc"), pleads as follows:

## NATURE OF THE ACTION

This case arises because Leblanc has unilaterally cancelled Paycor's group booking for Leblanc Resort & Spa in Los Cabos, Mexico, and refuses to reimburse Paycor for the $521,623 in deposits Paycor has paid toward the trip. Therefore, Leblanc is liable for breach of contract or (alternatively) promissory estoppel and unjust enrichment, and conversion.

## PARTIES

1. Paycor is a Delaware corporation with its principal place of business at 4811 Montgomery Road, Cincinnati, Ohio 45212. Paycor is a company that provides payroll and human resource services to businesses across the United States.

2. Upon information and belief, Leblanc Resort & Spa is a Mexican corporation with its principal place of business in Mexico. Upon information and belief, Leblanc Resort & Spa provides tourism and hospital services to the general public.

3. Upon information and belief, International Hotel Company LLC is a Florida Limited Liability Company with its principal place of business at 8400 NW 33 Street, Suite 403 Doral, Florida 33122. Upon information and belief, no member of the LLC is a citizen of Ohio. International Hotel Company LLC owns, is otherwise responsible for, and/or is affiliated with Leblanc Resort & Spa activities.

4. Upon information and belief, Operadora Palace Resorts (JA) Limited is a Jamaican corporation with its principal place of business in Jamaica. Upon information and belief, Operadora Palace Resorts (JA) Limited provides tourism and hospital services to the

general public. Operadora Palace Resorts (JA) Limited owns and/or is otherwise responsible for Leblanc Resort & Spa activities.

5. Upon information and belief, CHDB Holding S.A de C.V. is a Mexican corporation with its principal place of business in Mexico. Upon information and belief, CHDB Holding S.A de C.V. provides tourism and hospital services to the general public in the United States, including Florida and Ohio. Upon information and belief, CHDB Holding S.A de C.V., owns and/or is otherwise responsible for Leblanc Resort & Spa activities.

6. Upon information and belief, International Hotel Company LLC, Operadora Palace Resorts (JA) Limited, and CHDB Holdings S.A de C.V. are related entities that are affiliated with and/or own some or all of Leblanc Resort & Spa, or are otherwise responsible for the alleged misconduct of Leblanc Resort & Spa due to their corporate or contractual relationships.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between plaintiff and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has specific personal jurisdiction over Leblanc Resort & Spa because Leblanc Resort & Spa advertises throughout the United States including targeting advertisements to individuals and companies in Ohio and Florida. Upon information and belief, Leblanc Resort & Spa also advertises and offers membership packages and benefits to residents throughout the United States including Ohio and Florida. Leblanc Resort & Spa also regularly contracts with companies in the United States including both Paycor and Provident Travel Corporation, which are located in Ohio.

9. This Court has general and specific personal jurisdiction over International Hotel Company LLC because it is located, domiciled, and conducts business in Florida. Upon information and belief, International Hotel Company LLC advertises and offers membership packages and benefits to residents throughout the United States including Ohio and Florida. It systematically serves customers in Florida and Ohio by advertising in those states and fostering relationships with customers in those states. These advertisements make it easy and desirable to travel and stay at LeBlanc Resort & Spa and entice Florida and Ohio customers to stay at LeBlanc Resort & Spa. Without these advertisements, customers might not be aware of, or stay at, LeBlanc Resort & Spa. It also regularly contracts with companies in the United States, including Florida and Ohio.

10. This Court has specific personal jurisdiction over Operadora Palace Resorts (JA) Limited because Operadora Palace Resorts (JA) Limited is a parent company that is responsible for and/or owns Leblanc Resort & Spa, and operates in and regularly conducts business in Florida. Further, upon information and belief, Operadora Palace Resorts (JA) Limited also regularly contracts with companies in the United States including Provident Travel Corporation which is located in Ohio through its relationship with Leblanc Resort & Spa. These contracts systematically serve customers in the United States and foster relationships with customers in the United States. These contracts make it easy and desirable to travel and stay at LeBlanc Resort & Spa and entice United States customers to stay at LeBlanc Resort & Spa. Without these contracts, customers might not be aware of, or stay at, LeBlanc Resort & Spa. Further, upon information and belief, Operadora Palace Resorts (JA) Limited holds itself out as being affiliated with Leblanc Resort & Spa and uses International Hotel Company to advertise its properties, including LeBlanc Resort & Spa, to customers in Florida and Ohio.

11. This Court has specific personal jurisdiction over CHDB Holdings S.A de C.V. because, upon information and belief, CHDB Holdings S.A de C.V. is a parent company that is responsible for, owns, and or is affiliated with Leblanc Resort & Spa, and operates in and regularly conducts business in Florida.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving raise to Paycor's claims occurred in this District.

13. Venue is also proper in this District pursuant to 28 U.S.C.§1391(c)(c) and 28 U.S.C.§1391(b)(3) because there is no district in which the action may otherwise be brought and at least one defendant is subject to the court's personal jurisdiction in this action.

14. Additionally, venue is proper in this District because each Defendant can be found in, advertises in, and/or transacts business in this judicial district.

**FACTS**

15. On July 24, 2019, Paycor entered into a group agreement with Provident Travel and Leblanc for a three-day program for Paycor employees and spouses to be held in August 2020 at Leblanc's Los Cabo, Mexico location ("Leblanc Los Cabos"). A true and accurate copy of the contract (the "July 2019 Agreement") is attached as Exhibit A.[1]

16. The July 2019 Agreement begins by stating that "[t]he following represents an agreement (herein also called "contract") between Paycor, Inc., Cincinnati, OH, Provident Travel, Cincinnati, Ohio and Leblanc Resort & Spa, Los Cabos, Mexico." It then explains that

---

[1] The July 2019 Agreement contains a confidentiality provision. Therefore, the exhibit will not be included in the version of this Complaint that will be publicly filed. The version served on Leblanc will include the July 2019 Agreement. Paycor can provide the Court with the July 2019 Agreement for in camera review or after a protective order issues. Paycor submits that the withheld information is not necessary for the public to understand the claims in this case.

"Paycor, Inc. … agrees to contract with Provident Travel and Leblanc Resort & Spa Los Cabos, Mexico" for the services listed in the contract.

17. In early 2020, the COVID-19 pandemic began to sweep the world, which resulted in federal, state, and local governments imposing restrictions on all aspects of life—including on travel and group gatherings.

18. On or about July 1, 2020, Paycor notified Provident Travel and Leblanc that the ongoing Covid-19 pandemic constituted a Force Majeure event voiding the July 2019 Agreement and entitling Paycor to a refund of all deposits paid to date.

19. Provident Travel and Leblanc refused to refund the deposits and insisted that Paycor travel to Mexico in August 2020 or lose the deposits.

20. In an effort to avoid litigation, Paycor nevertheless continued to negotiate with Provident Travel and Leblanc. Provident Travel and Leblanc eventually agreed to reschedule Paycor's trip to August 2021. They kept the deposits and required Paycor to make additional deposits in order to reschedule the travel. A true and accurate copy of the amendment to the July 2019 Contract (the "August 2020 Contract Addendum") is attached as Exhibit B.[2]

21. Importantly, the Paycor, Provident Travel and Leblanc agreed that the travel would take place only if the Covid-19 pandemic was over. They agreed to modify the Force Majeure Provision to specifically include "pandemic" as a "Force Majeure Event." The modified Force Majeure language in relevant part states:

---

[2] The August 2020 Contract Addendum contains a confidentiality provision. Therefore, the exhibit will not be included in the version of this Complaint that will be publicly filed. The version served on Leblanc will include the August 2020 Contract Addendum. Paycor can provide the Court with the August 2020 Contract Addendum for in camera review or after a protective order issues. Paycor submits that the redacted information is not necessary for the public to understand the claims in this case.

> Each of the parties hereto shall be excused from the performance of its obligations hereunder in the event that performance is prevented by a Force Majeure Event. For the purposes hereof, a "Force Majeure Event" means acts of God, war, national emergency, government regulation (including, quarantines or curfews), *pandemic*, disaster, fire, strikes or other labor disputes, terrorism and responses thereto, in each case, beyond the reasonable control of a party hereto and not caused by the party seeking relief on that basis. *If one of the parties hereto claims that a Force Majeure Event has occurred, it shall provide written notice thereof to the other party hereto within forty-eight (48) hours of the occurrence of the event or if not feasible a period reasonably longer depending on the magnitude of the Force Majeure Event. If the parties agree in writing that a Force Majeure Event has occurred, the parties shall reschedule the Program within the immediately subsequent twelve (12) months under the same terms and conditions set forth in this Agreement, without penalty. Alternatively, the Company in its sole and absolute discretion, may decide to refund any deposits paid by the Group prior to the Force Majeure Event, in which case this Agreement shall be deemed automatically terminated and of no further force or effect and neither party shall be liable to the other for any damages or other amounts whatsoever. For the avoidance of doubt, downturns in general economic conditions shall not constitute a Force Majeure Event.* (emphasis placed on new language)

22. On April 21, 2021, Provident Travel and Paycor executed an additional addendum, which reflected updated travel costs and payment deadlines for the travel. A true and accurate copy of the amendment (the "April 2021 Contract Addendum") is attached as Exhibit C.[3] It did not alter the agreement that the Covid-19 pandemic remained a force majeure event.

23. The July 2019 Agreement, August 2020 Contract Addendum and April 2021 Contract Addendum together constitute the full agreement among Paycor, Provident Travel, and Leblanc (the "Agreement").

---

[3] The April 2021 Contract Addendum contains a confidentiality provision. Therefore, the exhibit will not be included in the version of this Complaint that will be publicly filed. The version served on Leblanc will include the April 2021 Contract Addendum. Paycor can provide the Court with the April 2021 Contract Addendum for in camera review or after a protective order issues. Paycor submits that the redacted information is not necessary for the public to understand the claims in this case.

24. Paycor, Provident Travel, and Leblanc agreed to postpone Paycor's travel until August 2021, on the mutual hope that the Covid-19 pandemic would be resolved and Paycor would be able to travel safely to Mexico.

25. Throughout the pandemic, including in May 2021, and as late as June 7, 2021, the United States Centers for Disease Control and Prevention ("CDC") designated Mexico as "Level 4" destination. Mexico had a "very high level of Covid-19." The CDC advised travelers to "avoid all travel to Mexico," unless it was necessary. The CDC also requires all travelers returning to the United States—whether vaccinated or not—to test negative for Covid-19 within 72 hours of returning. If a traveler tests positive, she must quarantine in Mexico for 14 days.[4]

26. On or about May 26, 2021, while Mexico remained at Level 4—"avoid travel"—Paycor contacted Provident Travel to discuss their concerns regarding the ongoing pandemic and travel to Mexico in light of the ongoing pandemic. Paycor needed to make other travel plans given the restrictions on traveling to Mexico. Paycor made clear that the ongoing pandemic was the reason for the need to change the travel plans, which the parties know is a force majeure event under their Agreement.

27. Under the force majeure clause, Provident Travel and Leblanc had a choice: they could reschedule Paycor's travel, or they could cancel the trip and return Paycor's deposits. Provident Travel responded that it would work with Leblanc to reschedule Paycor's travel.

28. On June 3, 2021, after not receiving a response from Provident Travel, Paycor grew concerned that Provident Travel and Leblanc would not agree to reschedule the trip. Paycor informed Provident Travel that it expected the travel to be rescheduled, per the Agreement,

---

[4] The CDC changed Mexico to Level 3 on June 7, but it maintains the negative-testing and quarantine requirements. Mexico's status could change again, potentially for the worse, at any time.

"within immediately subsequent twelve (12) months under the same terms and conditions set forth in this Agreement, without penalty."

29. On June 4, 2021, Provident Travel notified Paycor that it and Leblanc were unwilling to reschedule Paycor's travel. By operation of the Agreement, Provident Travel and Leblanc were therefore choosing to cancel the Agreement and Paycor's travel. Provident Travel and Leblanc, however, claimed yet again that Paycor must travel during the pandemic or lose its deposits.

30. On June 9, 2021, Paycor notified Provident Travel and Leblanc that their refusal to allow for rescheduling constituted cancellation by operation of the Agreement, entitling Paycor to full repayment of all deposits paid to date, totaling $521,000. Paycor demanded full repayment by June 14, 2021.

31. On June 10, 2021 Operadora Palace Resorts (JA) Limited notified Paycor that it has denied Paycor's demand for the refund to which Paycor is entitled.

32. To date, Provident Travel and Leblanc have failed to reimburse Paycor for any deposits made under the Agreement.

## COUNT I
## BREACH OF CONTRACT

33. Paycor incorporates the preceding paragraphs by reference as though fully rewritten herein.

34. The Agreement constitutes a valid and binding contract between Paycor and Leblanc.

35. Paycor fully performed its obligations under the Agreement and satisfied all conditions precedent.

36. Leblanc materially breached the Agreement by refusing to reschedule the travel as required under the Agreement and by retaining the deposits paid by Paycor.

37. As a result of Leblanc's material breach of the Agreement, Paycor has been damaged in the amount of $521,623.

## COUNT II
## DECLARATORY JUDGMENT – PLED IN THE ALTERNATIVE

38. Paycor incorporates the preceding paragraphs by reference as though fully rewritten herein.

39. The Agreement constitutes a valid and binding contract between Paycor and Leblanc.

40. A live controversy exists between the parties regarding whether the Covid-19 pandemic has made the Agreement impossible or impracticable to perform, such that the Agreement is void.

41. Paycor seeks a declaration that the Agreement is impossible or impracticable to perform such that the Agreement is void and/or Paycor's performance is excused.

42. As a result of that declaration, Paycor is entitled to full repayment of the deposits made under the Agreement, totaling $521,623.

## COUNT III
## PROMISSORY ESTOPPEL – PLED IN THE ALTERNATIVE

43. Paycor incorporates the preceding paragraphs by reference as though fully rewritten herein.

44. Leblanc promised to reschedule the Program within the immediately subsequent twelve months under the same terms and conditions set forth in this Agreement, without penalty if the Covid-19 pandemic continued.

45. Paycor justifiably relied to its detriment on that promise and paid deposits toward the travel required under the Agreement in reliance on that promise.

46. Leblanc reasonably expected Paycor to rely on its promise.

47. Enforcement of Leblanc's promise is necessary to avoid injustice.

48. As a result of Leblanc's refusal to fulfill its promise, Paycor has been damaged in the amount of $521,623.

## COUNT IV
## UNJUST ENRICHMENT – PLED IN THE ALTERNATIVE

49. Paycor incorporates the preceding paragraphs by reference as though fully rewritten herein.

50. Paycor fully performed all of the work required under the Agreement, including the payment of all required travel deposits.

51. Leblanc knew about and accepted the travel deposits paid by Paycor and benefited from receipt of those travel deposits.

52. It is inequitable and unjust to allow Leblanc to retain the benefit of Paycor's deposits without fulfilling their obligation under the Agreement.

53. As a result of Leblanc's refusal to reschedule the travel or refund Paycor the deposits paid while retaining Paycor's deposits, Paycor has been damaged in the amount of $521,623.

## COUNT V
## CONVERSION

54. Paycor incorporates the preceding paragraphs by reference as though fully rewritten herein.

55. Leblanc has exercised control over Paycor's assets and funds by withholding from Paycor, and retaining possession of, the paid deposits.

56. Leblanc exercised that control unlawfully.

57. As a result of Leblanc's unlawful exercise of control over Paycor's assets and funds, Paycor has been damaged in the amount of $521,623.

WHEREFORE, Paycor demands a jury trial on those issues so triable and judgment as follows:

(A) Compensatory damages of $521,623, plus pre- and post-judgment interest;

(B) All attorneys' fees and costs incurred in this lawsuit, plus interest;

(C) All attorneys' fees and costs, plus interest, incurred after June 14, 2021 related to collection of any amounts owed to Paycor by Leblanc under the Agreement;

(D) Special, exemplary, and punitive damages; and

(E) Any and all other legal or equitable or declaratory relief to which Paycor may be entitled.

Dated:  June 16, 2021.

Respectfully submitted,

*/s/ Loren H. Cohen*
Loren H. Cohen
Florida Bar No. 303879
lcohen@mitrani.com
miamidocketing@mitrani.com
Pam Chamberlin
Florida Bar No. 444006
pchamberlin@mitrani.com
cayala@mitrani.com
Mitrani, Rynor, Adamsky & Toland, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL 33140
Phone: (305) 358-0050
Fax: (305) 358-0550
*Attorney for Plaintiff Paycor, Inc.*

Of Counsel:

Aaron M. Herzig
Courtney J. Lynch
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202
Phone: (513) 357-8768
Fax: (513) 381-0205
aherzig@taftlaw.com
clynch@taftlaw.com


Dated: June 16, 2021

**[PRAECIPE FOR SERVICE]**